**In the Interest of H.M.J.H.**

**No. 05–05–01380–CV.**

Court of Appeals of Texas, Dallas.

Dec. 13, 2006.

Janice Ward, San Jose, appellant.

Lori L. Ordiway, Asst. Dist. Atty., for Dallas County, Chief of the Appellate Division, Dallas, for Appellee.

Before Justices FITZGERALD, RICHTER, and FRANCIS.

**OPINION**

Opinion by Justice FITZGERALD.

The Texas Department of Protective and Regulatory Services sued to terminate

the parental rights of both parents of a baby girl, H.M.J.H. Each of the parents executed voluntary relinquishments of parental rights. Appellant Janice Sims Ward, grandmother of H.M.J.H., intervened in the action below seeking to be named a managing or possessory conservator of the child. Following trial, the court entered its Decree of Termination, which states that Ward "failed to appear after notice was given and was found in default." The Decree named the Director of the Dallas County Child Protective Services Unit of the Texas Department of Protective and Regulatory Services as permanent managing conservator of H.M.J.H. Ward filed a motion for new trial, attempting to set aside the default judgment. It appears the motion was overruled by operation of law. Ward appeals.

Despite a directive from this Court, Ward has not brought forward a reporter's record from the trial or from the hearing on her motion for new trial. The absence of such a record severely limits our ability to review Ward's issues on appeal.[1] We understand Ward to have raised four issues, and we address them in turn.

■■■■ First, Ward complains that the court erred in terminating the parental rights of H.M.J.H.'s father. Ward presents no argument or authorities on this issue. We cannot identify any legal interest Ward has in the father's rights such that she can complain of their termination on appeal. "[A]n appealing party may not complain of errors that do not injuriously affect it or that merely affect the rights of others." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex.2000). In the absence of some justiciable interest in father's rights, Ward cannot raise this issue on appeal. We overrule her first issue.

■■■ Second, Ward complains that the trial court erred in granting a default judgment against her. In her motion for new trial, Ward attempted to meet the test set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939), which states that:

A default judgment should be set aside and a new trial ordered in any case in which [1] the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; [2] provided the motion for a new trial sets up a meritorious defense and [3] is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Id.* at 126. Ward verified her motion, but no evidence is attached, and we have no record of evidence that may have been admitted at the hearing on Ward's motion. The motion contains Ward's sworn statements that she "has a meritorious defense to the cause of action" and that she "has new evidence to present which will greatly affect the outcome of this case." But the evidence is not described, and no such evidence is in the record before us. Ward does make the following statement on the second element, the setting up of a meritorious defense:

Petitioner's cause of action is based on child neglect. To this cause of action [Ward] can and does set up the meritorious defense of factual insufficiency for the Court to default [Ward] without just cause. The Court was and is aware that [Ward] is a lay person, that her counsel had quit representation of her one week before trial, and with this in mind took

---

1. The Department's brief includes a section entitled "Motion to Dismiss" that is largely based on the absence of the record The motion was not brought to the attention of the clerk, and no filing fee was paid. We cannot address the motion in this posture.

advantage of her inability to represent herself and lack of knowledge of the court system to default her.

Ward offers no testimony concerning the merits of her case, i.e., why naming her a managing or possessory conservator of H.M.J.H. would be in the child's best interest. As to her argument that the default was unjust because of her pro se status, the fact that Ward proceeded in the trial court pro se does not alter her burden in this regard. *See Green v. Kaposta,* 152 S.W.3d 839, 841 (Tex.App.-Dallas 2005, no pet.) ("A pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure."). The trial court did not abuse its discretion in overruling Ward's motion for new trial. *See Cliff v. Huggins,* 724 S.W.2d 778, 778 (Tex.1987) ("A motion for new trial is addressed to the trial court's discretion and the court's ruling will not be disturbed on appeal in the absence of a showing of an abuse of discretion."). We overrule Ward's second issue.

In her third and fourth issues, respectively, Ward asserts that the trial court erroneously denied her access to and possession of H.M.J.H. Ward relies on sections 153.432 and 153.433 of the family code. *See* TEX. FAM.CODE ANN. §§ 153.432, 153.433 (Vernon Supp.2006). Section 153.432 of the family code does give grandparents standing to petition the court for access to or possession of a child. Section 153.433 identifies the conditions under which such possession or access will be granted. However, the record before us contains no evidence establishing these conditions have been met. Moreover, section 153.433's analysis is subject to the trial court's determination of the best interest of the child. *See In re W.M.,* 172 S.W.3d 718, 728 (Tex.App.-Fort Worth 2005, no pet.). The Decree concluded that

granting the Director managing conservatorship of H.M.J.H. was in her best interest. The record before us contains no evidence to the contrary.

In the absence of necessary evidence, we cannot say the trial court abused its discretion in denying Ward's requests for access to and possession of H.M.J.H. *See id.* (trial court's decision concerning grandparent access is reviewed for abuse of discretion). We overrule Ward's fourth and fifth issues as well.

We have decided each of Ward's issues against her. We affirm the trial court's Decree of Termination.