Motion to Consolidate Granted, and Petition for Writ of Mandamus Denied,
and Opinion filed July 3, 2008








 

Motion
to Consolidate Granted, and Petition for Writ of Mandamus Denied, and Opinion
filed July 3, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00164 -CV

NO. 14-08-00282 -CV

____________

 

IN RE KEVIN JOHN SMITH AND DEBBIE STANLEY SMITH, Relators

 

 



 

ORIGINAL
PROCEEDINGS

WRIT OF MANDAMUS

 



 

O P I N I
O N

This
mandamus proceeding arises out of a custody dispute between a minor child=s paternal grandparents.  The
paternal grandfather and his wife are the child=s joint managing conservators.  They
seek a writ of mandamus ordering the trial court to vacate temporary orders
that granted the child=s paternal grandmother=s request for grandparent access to
the child.  We deny the requested relief.








Background

In an
agreed decree entered March 28, 2006, the trial court judge[1]
found that the best interests of minor child E.R.S. would not be served by
appointing her parents as managing conservators.  Relator Kevin Smith is the
child=s paternal grandfather.  Kevin,
together with his wife, relator Debbie Smith, were appointed as the child=s joint managing conservators; the
parents were named as joint possessory conservators and were granted limited
access to the child.  Real party in interest, Lisa Bobo, the child=s paternal grandmother, did not
participate in these initial conservatorship proceedings.

Occasionally,
the Smiths permitted Lisa to visit her granddaughter; however, they ultimately
concluded that the informal visitation arrangement was unacceptable, and denied
Lisa further access to the child.  Lisa responded by filing a modification
petition for grandparent access.  See Tex. Fam. Code Ann. ' 153.432 (Vernon Supp. 2007).  The
trial judge referred the case to the Honorable Aneeta Jamal, who serves the
314th District Court as a juvenile law master.[2] 
The master conducted a hearing on Lisa=s request for temporary orders. 
After hearing testimony from Kevin and Lisa, the master awarded standard
possession to Lisa while simultaneously suspending the biological parents= visitation rights.[3]








The
Smiths asked the trial court to conduct a de novo appeal under the Family
Code.  See id. ' 201.015(f) (Vernon Supp. 2007).  The trial judge denied the
request, and overruled the Smiths= objection that Lisa lacked the legal
standing to request access.  These two mandamus proceedings followed, with each
containing different grounds to challenge the trial court=s grant of access.  We grant the
Smiths= motion to consolidate the mandamus
actions, and will address both in this opinion.

We hold
that the trial court did not abuse its discretion in (1) denying the request
for a de novo appeal, (2) ruling that Lisa has legal standing to request
access, and (3) adopting the master=s recommendation that Lisa be granted
temporary access pending final disposition.  We therefore deny the Smiths= mandamus petition.

                                                       Standard of Review

Mandamus
relief will lie if the relator establishes a clear abuse of discretion for
which there is no adequate appellate remedy.  In re Autonation, Inc.,
228 S.W.3d 663, 667 (Tex. 2007) (orig. proceeding).  A trial court clearly
abuses its discretion if it reaches a decision so arbitrary and unreasonable as
to constitute a clear and prejudicial error of law.  Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  With respect to the
resolution of factual issues, the reviewing court may not substitute its
judgment for that of the trial court.  Id.  The relator therefore must
establish that the trial court reasonably could have reached only one
decision.  Id. at 840.  On the other hand, a trial court has no
discretion in determining what the law is or applying the law to the facts;
therefore, a clear failure by the trial court to analyze or apply the law
correctly constitutes an abuse of discretion.  Id.  Thus, a trial court=s erroneous legal conclusion
constitutes an abuse of discretion, even in an unsettled area of law.  Huie
v. DeShazo, 922 S.W.2d 920, 927-28 (Tex. 1996) (orig. proceeding).

                                                            De Novo Appeal








The
Smiths contend that the trial court abused its discretion in refusing to
conduct a de novo hearing.  Under section 201.015, after an appropriate family
law case has been referred to an associate judge, the referring court B upon request B must timely conduct a de novo
hearing.  See Tex. Fam. Code Ann. ' 201.015(f) (Vernon Supp. 2007); Fountain
v. Knebel, 45 S.W.3d 736, 739 (Tex. App.BDallas 2001, no pet.).  Because this
case was brought in a Harris County juvenile district court, however, section
201.015 does not apply.

The
314th District Court has been designated as a Ajuvenile court@ under Government Code section
23.001.  See Harris County R. Jud. Admin. 9.1.3; see generally In re
T.A.W., 234 S.W.3d 704, 704-05 (Tex. App.BHouston [14th Dist.] 2007, pet.
denied).  The statutory authorization for appointment of juvenile law masters
in a juvenile court differs from that which permits the appointment of
associate judges in family district courts.  Compare Tex. Gov=t Code Ann. ' 54.681 (Vernon 2005) with
Tex. Fam. Code Ann. ' 201.001 (Vernon Supp. 2007).  Because Aneeta Jamal was
appointed as a juvenile law master under the Government Code, those specific
provisions apply instead of the Family Code=s more general provisions.  See In
re S.M.E., No. 14-02-00350-CV, 2003 WL 124401, at *2 (Tex. App.BHouston [14th Dist.] 2003, pet.
denied) (mem. op.).

The
Government Code does not provide for mandatory de novo review of a master=s recommendations.  See id. 
Instead, the juvenile court judge Amay adopt, modify, correct, reject, or reverse the master=s report or may recommit it for
further information, as the court determines to be proper and necessary in
each case.@  Tex. Gov=t Code Ann. ' 54.697 (Vernon 2005) (emphasis added).  Therefore, the trial
court did not abuse its discretion in denying a hearing de novo from the
juvenile law master=s report.  See S.M.E., 2003 WL 124401, at *2.

We
overrule the Smiths= first issue.

                                                                   Standing








The
Smiths argue that, because the child=s father had court-ordered access to
the child under the Decree, Lisa lacked standing to request grandparent
access.  Their argument is premised upon Family Code section 153.433, which
provides that a court shall grant grandparent access if certain conditions have
been met.  Pertinent to this inquiry, one of those conditions is that the grandparent
must be a parent of a parent of the child, and the parent Adoes not have actual or court-ordered
possession of or access to the child.@  See Tex. Fam. Code Ann. ' 153.433(3)(D) (Vernon Supp. 2007). 
Lisa is the mother of the child=s father.  Because the decree granted the child=s father limited access to E.R.S.,
the Smiths contend that Lisa lacked standing.  We disagree.

AStanding is implicit in the concept of subject matter
jurisdiction.@  Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993).  A
party=s lack of standing deprives the trial
court of subject matter jurisdiction, and renders any trial court action void. 
Taub v. Aquila Sw. Pipeline Corp., 93 S.W.3d 451, 455 (Tex. App.BHouston [14th Dist.] 2002, no pet.). 
Whether a party has standing is a threshold issue, and one which we review de
novo.  See In re SSJ-J, 153 S.W.3d 132, 134 (Tex. App.BSan Antonio 2004, no pet.); Hobbs
v. Van Stavern, 249 S.W.3d 1, 3 (Tex. App.BHouston [1st Dist.] 2006, pet.
denied).  When standing has been conferred by statute, the statute itself
should serve as the proper framework for a standing analysis.  In re
Sullivan, 157 S.W.3d 911, 915 (Tex. App.BHouston [14th Dist.] 2005, orig.
proceeding [mand. denied]).  We review the trial court=s interpretation of applicable
statutes de novo.  See Johnson v. City of Fort Worth, 774 S.W.2d 653,
656 (Tex. 1989).  In construing a statute, our objective is to determine and
give effect to the legislative intent.  See Nat=l Liab. & Fire Ins. Co. v. Allen, 15 S.W.3d 525, 527 (Tex. 2000).  If
possible, we must ascertain that intent from the language the Legislature used
in the statute and not look to extraneous matters for an intent the statute does
not state.  Id.  If the meaning of the statutory language is
unambiguous, we adopt the interpretation supported by the plain meaning of the
provision=s words.  St. Luke=s Episcopal Hosp. v. Agbor, 952 S.W.2d 503, 505 (Tex. 1997). 
We must not engage in forced or strained construction; instead, we must yield
to the plain sense of the words the Legislature chose.  See id.








The
Family Code provides that a biological or adoptive grandparent may request
access to a grandchild.  See Tex. Fam. Code Ann. ' 153.432.  As the child=s biological grandmother, Lisa meets
this standing requirement.  The Smiths contend, however, that section 153.433
imposes additional conditions for standing.  The plain statutory language does
not support this interpretation.  Sections 153.432 and 153.434[4]
expressly speak in terms of when a grandparent Amay request@ or Amay not request@ access or possession, and therefore
address the right to file an access suit.  See Tex. Fam. Code Ann. '' 153.432, 153.434.  By contrast,
section 153.433 outlines when A[t]he court shall order@ possession or access.  See id.
' 153.433.

Not
surprisingly, Texas courts consistently have held that a grandparent=s standing to request access is
conferred by section 153.432, not 153.433: ASection 153.432 of the family code
does give grandparents standing to petition the court for access to or
possession of a child.  Section 153.433 identifies the conditions under which
such possession or access will be granted.@  In re H.M.J.H., 209 S.W.3d
320, 322 (Tex. App.BDallas 2006, no pet).[5]  Although a
successful access suit might require the grandparent to satisfy section
153.433, whether the grandparent ultimately will succeed is a different
question than whether the grandparent has the right simply to bring suit.  See
generally In re C.M.C., 192 S.W.3d 866, 869-70 (Tex. App.BTexarkana 2006, no pet.) (A[A] decision concerning whether a
party has standing is not a decision deciding the merits of a case.@); In re SSJ-J, 153 S.W.3d at
138 (A[S]tanding does not mean the right to
win; it is only a right to be heard.@).








The
Smiths have not cited any authority holding that section 153.433 deals with
standing.[6]  In addition,
we note that a grandparent has standing to request managing conservatorship, if
both parents consent.  See Tex. Fam. Code Ann. ' 102.004(a) (Vernon Supp. 2007). 
Yet, the Smiths= interpretation of section 153.433 would impose more standing
requirements on a grandparent seeking mere access, than one asking for the more
extensive remedy of managing conservatorship.  Under the unambiguous language
of section 153.433, we conclude that this statute does not deal with standing.

Under
section 153.432, because Lisa is the child=s biological grandparent, she has
legal standing to petition for access.  See Tex. Fam. Code Ann. ' 153.432.  We therefore overrule the
Smiths= second issue.

                                                   Parental Presumption

Finally,
the Smiths contend that the trial court abused its discretion in granting
access to Lisa in the temporary order because she failed to prove that the
denial of access to E.R.S. would significantly impair the child=s physical or emotional well-being.[7] 
See Tex. Fam. Code Ann. ' 153.433(2).  At the temporary orders hearing, Lisa testified
as follows:

Q.        Do you think it would be in the best interest of this child
to allow you to have access to this child?

A.        Yes, it would be.

Q.        Okay.  Have you ever done anything to her that=s been negative or harmful to her?








A.        Never.

Lisa further testified
that it would be Abad@ for, and emotionally damaging to, the child not to have a
relationship with Lisa.  The Smiths argue that this evidence fails to overcome
the so-called Aparental presumption@ contained in section 153.433(2).

As
amended in 2005, section 153.433 now echoes the United States Supreme Court
plurality=s statement that a trial court should presume that a fit parent acts in
his or her child=s best interests.  See Derzapf, 219 S.W.3d at 333; see
also Troxel v. Granville, 530 U.S. 57, 68 (2000).  This statutory parental
presumption creates a Ahigh threshold@ for a grandparent who seeks access. 
See Derzapf, 219 S.W.3d at 334.  We hold that the Smiths, as
non-parents, may not claim the presumption in this case.

Logically,
the plain language of the Aparental presumption@ limits the application of the
presumption to parents: Athe grandparent [must] overcome[] the presumption that a parent
acts in the best interest of the parent=s child[.]@  See Tex. Fam. Code Ann. ' 153.433(2) (emphasis added).  The
underlying basis for the presumption is to give effect to the Anatural affection usually flowing
between parent and child.@  See In re M.N.G., 113 S.W.3d 27, 35 (Tex. App.BFort Worth 2003, no pet.) (citing In
re V.L.K., 24 S.W.3d 338, 341 (Tex. 2002)).  AParent,@ as used in section 153.433, is
defined as Athe mother, a man presumed to be the father, a man legally determined to
be the father, a man who has been adjudicated to be the father by a court of
competent jurisdiction, a man who has acknowledged his paternity under
applicable law, or an adoptive mother or father.@  Tex. Fam. Code Ann. ' 101.024 (Vernon Supp. 2007).  Under
the unambiguous statutory language, the Smiths, though joint managing
conservators, are not parents.  Though we do not doubt the sincerity of the
Smiths= efforts as this child=s managing conservators, the
Legislature has not sought to include a statutory presumption that a
grandparent acts in the child=s best interest.  








We
decline to extend the parental presumption, a powerful force in custody
proceedings, to non-parent conservators when such an extension would conflict
with the plain statutory language.  We presume that the Legislature says what
it means and means what it says.

We
overrule the Smiths= third issue.

                                              Best Interests of the Child

Even
when the parental presumption does not apply, grandparent access is still
subject to the trial court=s determination of the best interests of the child.  See
Tex. Fam. Code Ann. ' 153.002 (Vernon 2002).[8] 
The trial court is vested with broad discretion in determining the best
interests of a child in family law matters such as custody, visitation, and
possession.  Gillespie v. Gillespie, 644 S.W.2d 449, 451 (Tex. 1982); Lilley
v. Lilley, 43 S.W.3d 703, 705 (Tex. App.BAustin 2001, no pet.).  The trial
court does not abuse its discretion if its decision is supported by sufficient,
competent evidence.  See Gillespie, 644 S.W.2d at 451.  The mandamus
record contains evidence that granting Lisa possession of E.R.S. would be in
the child=s best interest.  Therefore, the trial court did not abuse its discretion
in awarding possession to Lisa in its temporary order.

The
Smiths= arguments as to why the trial court
abused its discretion in awarding Lisa possession of her granddaughter lack
merit.  Therefore, we need not reach the issue of whether the Smiths have an
adequate remedy at law.

 

 

 








Accordingly,
we deny the petitions for writ of mandamus.

/s/      Kem Thompson Frost

Justice

 

Petition Denied and Opinion filed,
July 3, 2008.

Panel consists of Justices Frost and
Seymore, and Senior Justice Price.*









            [1]The Honorable John
Phillips, presiding judge of the 314th District Court of Harris County, Texas





            [2]See Harris
County Juvenile Trial Div. Loc. R. 3.6 (providing for referral of any case
brought under Family Code titles 1 through 5).





            [3]The parents, who
consented to Lisa=s suit, have not challenged the temporary orders that
suspended their visitation rights.





            [4]Section 153.434 B which precludes certain grandparents from requesting
access under select circumstances B
does not come into play under the facts of this case.  See Tex. Fam.
Code Ann. ' 153.434 (Vernon Supp. 2007).





            [5]See also In re
Derzapf, 219 S.W.3d 327, 331-32 (Tex. 2007) (orig. proceeding) (analyzing a
standing challenge under section 153.432); In re Schoelpple, No.
14-06-01038-CV, 2007 WL 431877, at *2 (Tex. App.BHouston [14th Dist.] 2007, orig. proceeding) (mem. op.) (same); In
re Pensom, 126 S.W.3d 251, 255 (Tex. App.BSan Antonio 2003, orig. proceeding) (ABecause the statute allows only grandparents to petition for access,
the jurisdictional prerequisite of standing serves to ensure that the statutory
scheme is narrowly tailored[.]@); In re
Walters, 39 S.W.3d 280, 285 n.1 (Tex. App.BTexarkana 2001, no pet.); Banta v. Texas Dep=t of Family & Protective Svcs., No 13-06-548-CV, 2007 WL 2128901, at *3 (Tex. App.BCorpus Christi 2007, no pet.) (mem. op.).





            [6]The Smiths direct
us to In re B.N.S., in which the Dallas Court of Appeals held that a
trial court abused its discretion in granting access to grandparents that had
not satisfied section 153.433.  247 S.W.3d 807, 809 (Tex. App.BDallas 2008, no pet.).  However, B.N.S. is not
a standing case.  Holding that one has no right to prevail on the merits is
different than ruling that the losing party had no standing even to file suit. 
See In re SSJ-J, 153 S.W.3d at 138.





            [7]We presume,
without deciding, that section 153.433 applies to the trial court=s temporary order because in it the trial court
granted Lisa possession of or access to E.R.S.





            [8]See also Banta,
2007 WL 2128901, at *3.





            *Senior
Justice Price sitting by assignment.