Affirmed and Memorandum Opinion filed December 16, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-01006-CV

___________________

 

IN THE INTEREST OF M.L.C., a child



 



 

On
Appeal from the 313th District Court

Harris County,
Texas



Trial Court Cause No. 2009-02754J

 



 

 

MEMORANDUM  OPINION

            Appellant, Amy Kristine C.,
brings this accelerated appeal from a judgment terminating her parental rights
to M.L.C.  Amy filed a timely motion for new trial and statement of appellate
points, as required by statute.  See Tex. Fam. Code § 263.405(b).  The
trial court denied the motion for new trial, found that Amy is not indigent,
and that her appeal is frivolous.  See Tex. Fam. Code § 263.405(d).  Amy
has raised a single issue challenging the trial court’s finding that her appeal
is frivolous.  See Tex. Fam. Code § 263.405(g).  We affirm.

TERMINATION PROCEEDINGS

            To
terminate parental rights under Chapter 161 of the Family Code, a petitioner
must establish by clear and convincing evidence that (1) the parent has
committed one or more of the listed statutory acts or omissions, and (2)
termination is in the best interest of the child.  Tex. Fam. Code § 161.001(1),
(2); In re J.L., 163 S.W.3d 79, 85 (Tex. 2005).  Only one predicate
finding under section 161.001(1) is necessary to support a judgment of
termination.  In re A.V., 113 S.W.3d 355, 362 (Tex. 2003).  Clear and
convincing evidence means the measure or degree of proof that will produce in
the mind of the trier of fact a firm belief or conviction as to the truth of
the allegations sought to be established.  Tex. Fam. Code § 101.007.  

The Department of Family
and Protective Services (DPFS) sought termination of Amy’s parental rights
under Family Code sections 161.001(1)(D), 161.001(1)(E), and 161.003.[1]  Section
161.001(1)(D) permits termination on a finding by clear and convincing evidence
that the parent has “knowingly placed or knowingly allowed the child to remain
in conditions or surroundings which endanger the physical or emotional
well-being of the child.”  Tex. Fam. Code § 161.001(1)(D).  Under section
161.001(1)(E) of the family code, a parent’s rights may be terminated if it is
established by clear and convincing evidence that the parent has “engaged in
conduct or knowingly placed the child with persons who engaged in conduct which
endangers the physical or emotional well-being of the child.”  Tex. Fam. Code §
161.001(1)(E).  The Department also alleged that Amy has a mental illness or
deficiency rendering her unable to provide for the needs of the child.  See Tex.
Fam. Code § 161.003.  The jury found clear and convincing evidence supporting
at least one of these grounds for termination and that termination is in the
best interest of the child.   

The child’s maternal
grandmother and maternal step-grandfather, Anita Louise M. and Gary Wayne M.,
intervened in the suit, seeking appointment as managing conservators of the
child.  After terminating Amy’s parental rights, the court appointed the
intervening grandparents joint managing conservators of the child, finding that
the appointment is in the child’s best interest.  

STATEMENT OF APPELLATE POINTS

In an appeal from a
final order in a termination proceeding over a child in DFPS care, a party who
intends to appeal must file a statement listing the points on which she intends
to appeal.  Tex. Fam. Code § 263.405(b)(2).  In her statement of points on appeal,
Amy primarily challenged the grandparents’ intervention.  Amy asserted that the
trial court erred in failing to dismiss the grandparents’ intervention because
they lacked standing to intervene and that granting their intervention was not
in the best interest of the child.  She also alleged that there was
insufficient evidence to support submission of the issue of managing
conservatorship to the jury.  She generally asserted that the evidence did not
support the jury’s verdict and the verdict is not in the best interest of the
child, but she alleged no specific point challenging the statutory grounds for
termination.[2] 


FRIVOLOUS FINDING

Texas Family Code
section 263.405(d)(3) directs the trial court to determine whether an appeal
from a termination order is frivolous “as provided by section 13.003(b), Civil
Practices and Remedies Code.”  Tex. Fam. Code § 263.405(d)(3).  Section
13.003(b) provides that “[i]n determining whether an appeal is frivolous, a
judge may consider whether the appellant has presented a substantial question
for appellate review.”  Tex. Civ. Prac. & Rem. Code § 13.003(b).  An appeal
is frivolous if it lacks an arguable basis in either fact or law.  See In re
J.J.C., 302 S.W.3d 436, 444 (Tex. App.—Houston [14th Dist.] 2009, pet.
denied).  

We review a trial court’s
determination that an appeal is frivolous under an abuse of discretion
standard.  In re M.N.V., 216 S.W.3d 833, 834 (Tex. App.—San Antonio
2006, no pet.).  Under this standard, we decide whether the trial court acted
without reference to guiding rules and principles or if the complained-of act
is arbitrary and unreasonable.  Lumpkin v. Tex. Dep’t of Family & Prot.
Servs., 260 S.W.3d 524, 527 (Tex. App.— Houston [1st Dist.] 2008, no pet.).

In its order determining
that Amy’s appeal is frivolous, the trial court found that the maternal
grandmother had standing to intervene pursuant to Texas Family Code section
102.004(b).[3] 
The court found that the maternal step-grandfather had standing by virtue of
his substantial contact with the child, also pursuant to section 102.004(b). 
The court further found that if any error occurred in granting leave for the
grandparents to intervene, such error would not require reversal because their
appointment was authorized under Family Code section 161.207(a) without an
intervention.[4] 
The court found that legally and factually sufficient evidence was presented to
the jury that the appointment of the grandparents as managing conservators was
in the best interest of the child.  Specifically, the court noted that the
grandparents had (1) maintained contact with the child since her birth; (2)
been present at the hospital emergency room where Amy took the child; (3)
invited and allowed both the child and Amy to spend nights at their home; (4)
voluntarily taken custody of the child when Amy was committed to a mental
health institute; and (5) established a loving, caring, nurturing, protective,
and responsible relationship with the child.  The court also found that Amy’s
contrary evidence, when viewed in light of the entire record, was not against
the greater weight of the evidence.  The court summarized the evidence that Amy
submitted against appointment of the grandparents as follows: (1) Amy’s
unsubstantiated allegations that the grandparents had attempted to poison her
and her child; (2) allegations that the grandfather “had allowed unsupervised
contact between the child and inappropriate family members;” and (3) testimony
that the grandmother had mistreated Amy as a child and teenager.  

APPELLATE RECORD

            The
record before this court includes a reporter’s record from the hearing under
section 263.405(d), but there is no reporter’s record from the trial.  If a
trial court determines in a section 263.405(d) hearing that an appeal on the
issues attempted to be raised by the parent would be frivolous, review generally
is limited to the record of that hearing.  In re B.G., 317 S.W.3d 250,
258 (Tex. 2010); see also Tex. Fam. Code § 263.405(g) (“The appellant
may appeal the court’s order denying the appellant’s claim of indigence or the
court's finding that the appeal is frivolous by filing with the appellate court
the reporter's record and clerk’s record of the hearing held under this
section, both of which shall be provided without advance payment, not later than
the 10th day after the date the court makes the decision.  The appellate court
shall review the records and may require the parties to file appellate briefs
on the issues presented, but may not hear oral argument on the issues.  The
appellate court shall render appropriate orders after reviewing the records and
appellate briefs, if any.”)  

            Courts,
including this court, have determined that it may sometimes be necessary to
consider the record from the trial in reviewing a frivolous finding.  See In
re J.J.C., 302 S.W.3d at 447; In re M.R.J.M., 193 S.W.3d 670, 674
(Tex. App.—Fort Worth 2006, no pet.) (holding that section 263.405(g) grants
authority to order trial record without advance payment of costs when appellant
is indigent).  In this case, the trial court found that Amy is not indigent.  Therefore,
Amy had the burden to properly request and pay for the reporter’s record.  See
Tex. R. App. P. 35.3(b)(3); Carter v. Carter, 225 S.W.3d 649, 651
(Tex. App.—El Paso 2006, no pet.).  Amy conceded that at the time she filed her
appeal, she had sufficient funds to pay for preparation of the record from the
trial, but she did not do so.  This court afforded Amy an opportunity to file
the reporter’s record from the trial, but the trial record has not been filed. [5]  Accordingly, we
consider the appeal on the record before us.

DISCUSSION

            An
appeal of a termination order is limited to the issues presented in the
statement of points.  See Tex. Fam. Code § 263.405(i); see also Pool
v. Tex. Dep’t of Family & Prot. Servs., 227 S.W.3d 212, 215 (Tex.
App.—Houston [1st Dist.] 2007, no pet.).  To satisfy the requirements of
section 263.405(i), a statement of points must be “sufficiently specific” to
allow the trial court to correct any erroneous findings on the challenged
grounds.  In re J.J.C., 302 S.W.3d 436, 444 (Tex. App.—Houston [14th
Dist.] 2009, pet. denied); see also In re G.W.P., No.
14-08-00035-CV, 2009 WL 2568292, at *2 (Tex. App.—Houston [14th Dist.] Aug. 20,
2009, no pet.) (mem. op.) (holding that statement challenging the legal and
factual sufficiency of the evidence to support the trial court’s “ruling”
lacked the specificity required to preserve such challenges for review).

If the statement of
points on appeal does not specifically challenge the sufficiency of the
evidence supporting the statutory grounds for termination, those issues are not
preserved for appellate review.  J.J.C., 302 S.W.3d at 444.  Amy’s
points did not specifically challenge the evidence supporting termination.  Because
Section 236.405(i) bars our consideration of the merits of a challenge to the
grounds for termination, Amy’s appeal of the termination judgment is frivolous. 


We next consider Amy’s
challenge to the order granting conservatorship to the grandparents.  Amy’s
statement of points challenged the both the failure to strike the grandparents’
intervention and the sufficiency of the evidence supporting the conservatorship
order.  

At the Section
263.405(d) hearing, Amy testified about newly discovered evidence concerning
the grandfather and she contested the truthfulness of his trial testimony.  She
testified that she did not learn until after trial that the grandfather, who is
an oral surgeon, had prescribed her numerous sedatives and antipsychotics
during the two years before trial.  No issue was raised in the motion for new
trial or statement of points alleging newly discovered evidence or false
testimony, however.  Amy’s counsel argued that the testimony was relevant to
the finding that appointing the grandparents as managing conservators was in
the best interest of the child, and the trial court overruled objections to
this testimony.  In the absence of a specific challenge in the statement of
points, Amy’s claims about new evidence and false testimony may not be
considered, however.  See In re J.J.C., 302 S.W.3d at 444.

            The
grandparents filed a petition in intervention on October 2, 2009, in which they
asserted that they had standing because the child had lived with them since
March 17, 2009.  See Tex. Fam. Code § 102.003(a)(9).[6]  Amy moved to
strike the intervention, claiming the grandparents lacked standing.  In her
statement of appellate points, she complained that the evidence is insufficient
to support the grandparents’ standing and the trial court erred in failing to
dismiss the intervention.  Grandparents have standing to bring suit for
managing conservatorship if they provide proof that the child’s present
circumstances would significantly impair the child’s physical health or
emotional development.  See Tex. Fam. Code § 102.004(a)(1);[7] In re Vogel,
261 S.W.3d 917, 921 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding); cf.
In re Derzapf, 219 S.W.3d 327, 332, n.10 (Tex. 2007) (noting that suits for
grandparent access are governed by chapter 153, which has different standing
requirements than grandparent suits for conservatorship). 

A trial court may
consider evidence on the standing issue when necessary to determine
jurisdictional facts.  See In re Kelso, 266 S.W.3d 586, 590 (Tex.
App.—Fort Worth 2008, orig. proceeding).  In termination cases, the trial court’s
ruling on a motion to strike an intervention is reviewed for an abuse of
discretion.  In re A.M., 60 S.W.3d 166, 168 (Tex. App.—Houston [1st
Dist.] 2001, no pet.).  In conducting this review, we must analyze the evidence
supporting the grandparents’ standing.  See id. at 169.  

            Generally,
if no reporter’s record is filed due to the fault of the appellant, we may
consider and decide only those issues that do not require a reporter's record
for a decision. See Tex. R. App. P. 37.3(c).  We cannot review the
sufficiency of the evidence in the absence of a reporter’s record from the
trial.  See In re J.C., 250 S.W.3d 486, 489 (Tex. App.—Fort Worth 2008,
pet. denied), cert. denied, 130 S.Ct. 1281 (2010) (affirming termination
where parent failed to pay for preparation of reporter’s record after court
ordered partial payment); see also In re H.M.J.H., 209 S.W.3d 320, 322
(Tex. App.—Dallas 2006, no pet.) (affirming default judgment denying grandmother’s
request for custody where she filed no reporter’s record).  

We are unable to
determine that the trial court abused its discretion in denying the motion to
strike the intervention in the absence of the reporter’s record from the trial
or any pre-trial hearing on the standing issue.  See In re H.B.N.S., Nos.
14-05-00410-CV, 14-05-00102-CV, 2007 WL 2034913 (Tex. App.—Houston [14th Dist.]
July 17, 2007, pet. denied) (mem. op.) (reviewing evidence from evidentiary
hearing on standing in affirming trial court’s failure to strike
intervention).  Accordingly, we cannot say that the trial court abused its
discretion in determining that an appeal challenging the grandparents’ standing
would be frivolous.

            A
reporter’s record is also required to review the Amy’s complaints that the trial
court’s appointment of the grandparents as managing conservators is not
supported by the evidence and is not in the child’s best interest.  Section
161.207 of the Texas Family Code provides that the court shall appoint a suitable
competent adult or the DPFS as managing conservator if the court terminates the
parent-child relationship with respect to both parents or to the only living
parent.  Tex. Fam. Code Ann. § 161.207.  The jury findings underlying a
conservatorship appointment are subject to ordinary legal and factual
sufficiency review.  In re J.A.J., 243 S.W.3d 611, 617 n. 5 (Tex. 2007). 


When the factual or
legal sufficiency of the evidence is at issue, the appellant’s burden to show
that the judgment is erroneous cannot be discharged in the absence of a
complete or an agreed statement of facts.  Schafer v. Conner, 813 S.W.2d
154, 155 (Tex. 1991).  In the absence of the trial record, we cannot review the
sufficiency of the evidence supporting the appointment of the grandparents as
managing conservators of the child.  See In re J.C., 250 S.W.3d at 489. 
Accordingly, we cannot say that the trial court abused its discretion in
determining that any appeal from the conservatorship order would be frivolous.

In conclusion, we hold
that the trial court did not abuse its discretion in its determination that
Amy’s appeal is frivolous.  Amy’s sole issue is overruled.  We affirm the trial
court’s judgment.

PER CURIAM

 

Panel consists of Chief
Justice Hedges and Justices Yates and Boyce.

 









[1]   The parental rights of
the child’s father were also terminated, but the father did not appeal.





[2]  Amy’s motion for new
trial and statement of points contained the following points:

The trial court erred
because it failed to dismiss Intervenor's Petition in Intervention in Suit
Affecting the Parent-Child Relationship for Termination of the Parent-Child
Relationship. The evidence is factually insufficient to support the finding
that Intervenors, Anita Louise M[.] and Gary Wayne M[.], maternal grandmother
and maternal step-grandfather of the child the subject of this suit, had
standing to intervene in this cause of action.  The Court's failure to dismiss
Intervenors’ cause of action for lack of standing was error.  The Court’s
failure to dismiss Intervenors’ cause of action for lack of standing was not in
the best interest of the child the subject of this suit.  The evidence
submitted did not support the jury's verdict.  There was insufficient evidence
or no evidence submitted to support the submission of the issue of managing
conservatorship to intervenors to the jury.  The granting of the petition in
intervention was not in the best interest of the child and not supported by the
evidence presented.  The petitioner’s [sic] wrongfully interfered with
the respondent's ability to properly present her case to the court and the
jury.  The verdict is not in the best interest of the child.





[3] Section 102.004(b) provides that “the court may grant
a grandparent or other person deemed by the court to have had substantial past
contact with the child leave to intervene in a pending suit filed by a person
authorized to do so under this subchapter if there is satisfactory proof to the
court that appointment of a parent as a sole managing conservator or both
parents as joint managing conservators would significantly impair the child's
physical health or emotional development.”  Tex. Fam. Code. § 102.004(b).





[4] Section 161.207 of the
Texas Family Code provides that the court shall appoint a suitable competent
adult or the DPFS as managing conservator if the court terminates the
parent-child relationship with respect to both parents or to the only living
parent.  Tex. Fam. Code § 161 .207.  





[5] 
This court initially ordered the court reporter
to file the complete record from the trial.  DFPS objected because the trial
court had ruled that Amy is not indigent.  Accordingly, this court directed Amy
to pay for preparation of the complete record and have it filed within 60
days.  See Tex. Fam. Code § 263.405(f) (requiring record in termination
cases to be filed in 60 days).  The Family Code provides that we may not extend
time for filing a record or brief in a termination appeal “except on a showing
of good cause.”  Tex. Fam. Code § 263.405(h).  Based on Amy’s claims of hardship, the court granted her three
extensions of time to pay for preparation of the record.  The record was not
filed, and the court ordered that no further extensions of time would be
granted.  





[6] Section 102.003(a)(9)
provides that an original suit may be brought by “a person, other than a foster
parent, who has had actual care, control, and possession of the child for at
least six months ending not more than 90 days preceding the date of the filing
of the petition”).  Tex. Fam. Code § 102.003(a)(9).





[7] Section 102.004(a)
provides:

In addition
to the general standing to file suit provided by Section 102.003, a
grandparent, or another relative of the child related within the third degree
by consanguinity, may file an original suit requesting managing conservatorship
if there is satisfactory proof to the court that:

(1) the order
requested is necessary because the child's present circumstances would
significantly impair the child's physical health or emotional development; or 

(2) both
parents, the surviving parent, or the managing conservator or custodian either
filed the petition or consented to the suit.

Tex. Fam. Code § 102.004(a).