**Opinion filed July 30, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00009-CV

_____

## IN THE INTEREST OF M.M.S., A CHILD

---

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. C45736**

---

### M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of M.M.S.'s mother and father and appointed the Department of Family and Protective Services to be the permanent managing conservator of M.M.S. The mother filed a notice of appeal. We affirm.

On appeal, the mother presents two issues for review. In both issues, the mother challenges the sufficiency of the evidence regarding the trial court's refusal to appoint the intervenor grandparents as conservators or, alternatively, permit them to continue visitation with M.M.S. The mother does not challenge the trial

court's order insofar as it terminated her parental rights. Furthermore, the intervenors have not filed an appeal.

We are of the opinion that the mother lacks standing to assert the complaints made in both of her issues because she has not contested the termination of her parental rights and because she has no justiciable interest in the intervenors' access to the child. By failing to challenge the termination of her parental rights, the mother has become a former parent with no legal rights with respect to M.M.S. *See* TEX. FAM. CODE ANN. § 161.206(b) (West 2014) (order terminating parent-child relationship divests the parent of all legal rights and duties with respect to the child). Therefore, the mother has no standing to challenge the portion of the termination order that relates to the appointment of conservators for M.M.S. *See In re Y.V.*, No. 02-12-00514-CV, 2013 WL 2631431, at *1–2 (Tex. App.—Fort Worth June 13, 2013, no pet.) (mem. op.); *In re A.S.*, No. 10-09-00076-CV, 2009 WL 3488336, at *4 (Tex. App.—Waco Oct. 28, 2009, pet. denied) (mem. op.); *In re H.M.M.*, 230 S.W.3d 204, 204–05 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *see also In re R.A.*, No. 07-08-0084-CV, 2009 WL 77853, at *2 (Tex. App.—Amarillo Jan. 13, 2009, no pet.) (mem. op.). Nor does the mother have standing to challenge the trial court's refusal to permit the intervenors to have visitation with or access to the child. *See In re H.M.J.H.*, 209 S.W.3d 320, 321 (Tex. App.—Dallas 2006, no pet.) ("[A]n appealing party may not complain of errors that do not injuriously affect it or that merely affect the rights of others." (alteration in original) (quoting *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000) (internal quotation marks omitted)).

Moreover, even if the mother does have standing to challenge the trial court's rulings as to conservatorship, her contentions are without merit. When a trial court terminates the parent-child relationship with respect to both parents, the court must appoint a suitable and competent adult, the Department, or a licensed

child-placing agency as the managing conservator of the child. FAM. § 161.207. The findings necessary to appoint a nonparent as sole managing conservator need only be established by a preponderance of the evidence. *Lewelling v. Lewelling*, 796 S.W.2d 164, 167 (Tex. 1990). Consequently, we review a trial court's conservatorship decision under a less stringent standard of review than the standard for termination. *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007). A conservatorship determination is subject to review for an abuse of discretion and may be reversed only if that determination was arbitrary and unreasonable. *Id.*

The trial court's determination in this case was not arbitrary or unreasonable. The evidence at trial indicated that the intervenors would not be appropriate conservators for various reasons, including the condition of their home and the fact that, in their petition to intervene, they listed their own address as the address at which the father could be served. The intervenors had been informed that the father was not to have any contact with M.M.S. other than visitation supervised by the Department. M.M.S.'s father used methamphetamine daily and admitted to "handling so much methamphetamine[] that his pores were oozing methamphetamine." Because the record in this case supports the trial court's determinations as to conservatorship, the trial court did not abuse its discretion. Both of the mother's issues on appeal are overruled.

We affirm the order of the trial court.

JIM R. WRIGHT
CHIEF JUSTICE

July 30, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.