

# NUMBER 13-08-00111-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MICHAEL W. WILLIAMS,**                                                        **Appellant,**

**v.**

**COMMISSION FOR**
**LAWYER DISCIPLINE,**                                                        **Appellee.**

---

## On appeal from the 117th District Court of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Garza

Appellee, Commission for Lawyer Discipline (the "Commission"), filed disbarment proceedings against appellant, Michael W. Williams, in district court. After a bench trial, the court rendered a final judgment of disbarment. Williams appeals this judgment by three issues. We affirm the judgment of the trial court.

# I. Background

The Commission filed its third amended disciplinary petition on September 13, 2007. In this petition, the Commission alleged that Williams violated several disciplinary rules in representing Mary L. Franklin, Robert Corder, and Jean V. Albe.

Regarding Franklin, the Commission stated that Williams represented Franklin in a debt collection suit on a credit card account and alleged that he: (1) failed to communicate with Franklin; (2) failed to respond to her reasonable requests for information pertaining to the case; (3) failed to take any action on Franklin's behalf; and (4) made a false statement of material fact to an investigator for the Office of Chief Disciplinary Counsel. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.01(b)(1), 8.01(a), 8.04(a)(3), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app A (Vernon 2007) (TEX. STATE BAR R. art. X, § 9). With respect to the latter, the Commission alleged that Williams represented to the investigator that he had sent a letter on Franklin's behalf to Jay A. Taylor, the attorney for the creditor; however, Williams could not verify the letter's creation or existence.

Based on a separate complaint, the Commission further alleged that Williams was hired by Corder to expunge records in three criminal matters. Corder gave Williams three checks, each in the amount of $242, for the filing fees associated with each of the criminal matters. The Commission asserted that Williams: (1) cashed two of the checks and misplaced the third check; (2) failed to keep the funds paid by Corder separate from his own funds; (3) failed to communicate with Corder; (4) failed to file any of the requested expunction actions; and (5) did not return the filing fees to Corder. *See id.* at R. 1.01(b)(1), 1.14(a), 1.15(d).

Finally, the Commission contended that Williams represented Albe in a case filed

against Albe's insurance company. The Commission argued that Williams failed to: (1) obtain service of process on the insurance company; (2) prosecute the case; and (3) keep Albe informed of the status of the case. *See id.* at R. 1.01(b)(1), 1.03(a). As a result of Williams's inaction, Albe's case was dismissed for want of prosecution and, ultimately, barred by the statute of limitations.

On October 9, 2007, the trial court conducted a bench trial of the Commission's allegations against Williams.[1] On November 30, 2007, the trial court entered a judgment of disbarment and assessed: (1) reasonable attorney's fees in the amount of $6,460 against Williams; and (2) court costs in the amount of $4,000 for an appeal to this Court and $2,000 for an appeal to the Texas Supreme Court. On the same day, the trial court issued findings of fact and conclusions of law.[2]

Williams filed a pro se motion for new trial on December 28, 2007. The motion was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). Williams filed a pro se notice of appeal on February 19, 2008.

## II. ANALYSIS

In his first two issues, Williams challenges the sufficiency of the evidence supporting the trial court's judgment of disbarment. Specifically, Williams argues that the trial court's findings that: (1) he never mailed a letter to Taylor on behalf of Franklin; and (2) he failed to hold Corder's funds in a trust or escrow account separate from his own funds are not supported by competent evidence. In his third issue, Williams asserts that the trial court erred by considering the Franklin and Corder complaints, which Williams contends are not

---

[1] Williams did not file a reporter's record of the trial court proceedings for our review; however, Williams did file the clerk's record.

[2] In its findings of fact, the trial court noted that Williams "has an extensive disciplinary history including numerous findings of professional misconduct."

supported by legally and factually sufficient evidence, in determining the proper sanction to impose. The Commission counters by arguing that, because Williams's arguments on appeal depend on the review of the evidence presented at trial, and because Williams failed to have a reporter's record filed, his issues should be overruled. We agree.

Williams was responsible for making arrangements to pay for the preparation of the reporter's record. *See* TEX. R. APP. P. 35.3(b)(3), 37.3(c)(2). Williams has neither paid the reporter's fee, made satisfactory arrangements with the reporter to pay the fee, nor established entitlement to appeal without paying the fee.[3] *See id.* at R. 20.1, 35.3(b)(3), 37.3(c)(2). This Court notified Williams of this deficiency on November 3, 2008, and afforded him a reasonable opportunity to cure it, but he has failed to do so. On February 27, 2009, this Court informed Williams that it would proceed in this matter without the reporter's record.

In challenging the sufficiency of the evidence supporting a judgment, at least a partial reporter's record is necessary. *See* TEX. R. APP. P. 34.6(c)(4); *Hiroms v. Scheffey*, 76 S.W.3d 486, 489 (Tex. App.–Houston [14th Dist.] 2002, no pet.) (holding that appellant has the burden to present to the appellate court a record that shows the error about which appellant complains); *see also Gardner v. Comm'n for Lawyer Discipline*, No. 03-97-00275-CV, 1998 Tex. App. LEXIS 2094, at *7 (Tex. App.–Austin Apr. 9, 1998, no pet.) (not designated for publication). When a reporter's record is necessary for an appeal but is not filed through the fault of appellant, the appellate court must presume that the evidence supports the trial court's judgment. *Travelers Indem. Co. v. Starkey*, 157 S.W.3d 899, 905 (Tex. App.–Dallas 2005, pet. denied). Moreover, after a bench trial, a trial court's findings

---

[3] The record does not reflect that Williams established indigence within the context of rule 20.1 of the appellate rules. *See* TEX. R. APP. P. 20.1.

4

of fact are conclusive unless the appellate court has a complete reporter's record. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994); *In re J.C.*, 250 S.W.3d 486, 489 (Tex. App.–Fort Worth 2008, pet. denied).

We cannot review Williams's first two issues pertaining to the Franklin and Corder complaints on the scant record—one clerk's record with no volumes of trial exhibits or testimony—he caused to be filed in this Court. *See* TEX. R. APP. P. 34.6(c)(4), 37.3(c);[4] *In re Spiegel*, 6 S.W.3d 643, 646 (Tex. App.–Amarillo 1999, no pet.) ("Simply put, if the reporter's record is absent because the appellant did not satisfy rule 35.3(b), we will not only continue to presume that the missing record supports the trial court's determination but also forego reviewing the dispute as authorized under appellate rule 37.3(c)."); *see also Douglass v. Torrez*, No. 2-08-189-CV, 2009 Tex. App. LEXIS 3035, at *4 (Tex. App.–Fort Worth Apr. 30, 2009, no pet.) (mem. op.). Therefore, the trial court's findings of fact are conclusive and support the judgment of disbarment. *See Catalina*, 881 S.W.2d at 297; *In re J.C.*, 250 S.W.3d at 489; *see also Starkey*, 157 S.W.3d at 905. Accordingly, we overrule Williams's first two issues.

Furthermore, Williams's third issue is premised on an assumption that the trial

---

[4] Rule 37.3(c) of the rules of appellate procedure provides:

*If No Reporter's Record Filed Due to Appellant's Fault.* Under the following circumstances, and if the clerk's record has been filed, the appellate court may—after first giving the appellant notice and a reasonable opportunity to cure—consider and decide those issues or points that do not require a reporter's record for a decision. The court may do this if no reporter's record has been filed because:

    (1) the appellant failed to request a reporter's record; or

    (2)(A) appellant failed to pay or make arrangements to pay the reporter's fee to prepare the reporter's record; and

      (B) the appellant is not entitled to proceed without payment of costs.

*Id.* at R. 37.3(c).

court's findings with respect to the Franklin and Conder complaints were erroneous.[5] Moreover, in arguing his third issue, Williams has not cited to any evidence in the record supporting his contentions. *See* TEX. R. APP. P. 38.1(i). Because we cannot review the sufficiency of the evidence pertaining to the Franklin and Conder complaints based on the record before us, and because Williams has not cited to evidence in the record supporting his contentions, we conclude that Williams's third issue was waived. *See id.*; *see also Dolenz v. State Bar of Tex.*, 72 S.W.3d 385, 388 (Tex. App.–Dallas 2001, no pet.) (concluding, in a disciplinary proceeding, that a failure to cite to any record references waives an issue on appeal). Accordingly, we overrule Williams's third issue.

## IV. CONCLUSION

We affirm the judgment of the trial court.

_____
DORI CONTRERAS GARZA,
Justice

Memorandum Opinion delivered and
filed this the 16th day of July, 2009.

---

[5] As part of his third issue, Williams references the Albe complaint and admits to the Commission's allegations; however, he argues, in a conclusory fashion, that his transgressions in the Albe case should not result in his disbarment. Regardless, Williams's admission, in and of itself, would likely be enough to support disbarment because the trial court has broad discretion to determine whether an attorney guilty of professional misconduct should be reprimanded, suspended, or disbarred and Williams has an extensive disciplinary history. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 3.10, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app A (Vernon 2007) (TEX. STATE BAR R. art. X, § 9) (providing that in determining the appropriate sanction for attorney misconduct, a trial court must consider the nature and degree of the professional misconduct, the seriousness of and circumstances surrounding the misconduct, the loss or damage to clients, the damage to the profession, the assurance that those who seek legal services in the future will be insulated from the type of misconduct found, the profit to the attorney, the avoidance of repetition, the deterrent effect on others, the maintenance of respect for the legal profession, the trial of the case, and other relevant evidence concerning the attorney's personal and professional background); *State Bar of Tex. v. Kilpatrick*, 874 S.W.2d 656, 659 (Tex. 1994) (holding that disbarment can be an appropriate sanction even for a single act of misconduct); *see also Favaloro v. Comm'n for Lawyer Discipline*, 13 S.W.3d 831, 840-41 (Tex. App.–Dallas 2000, no pet.); *Butler v. Comm'n for Lawyer Discipline*, 928 S.W.2d 659, 666 (Tex. App.–Corpus Christi 1996, no writ).