

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-07-081-CV**

IN THE INTEREST OF J.C., A CHILD

------------

FROM THE 324TH DISTRICT COURT OF TARRANT COUNTY

------------

## OPINION

------------

### I. INTRODUCTION

In this termination of parental rights appeal, we confront the statutory right-to-counsel disparity that exists between indigent parents in a private termination suit and indigent parents in a termination suit brought by Child Protective Services (CPS). Indigent parents in a private termination of parental rights suit possess no statutory right to appointed counsel while indigent parents in a CPS-initiated suit do. *See* TEX. FAM. CODE ANN. § 107.013(a)(1) (Vernon Supp. 2007) (mandating appointment of attorney ad litem for an indigent parent "in a suit filed by a governmental entity in which termination of

the parent-child relationship is sought"). Here, although CPS initiated the suit to terminate the parental rights of Appellant Tracy, who is J.C.'s mother, in a coordinated maneuver, CPS subsequently nonsuited its termination suit, and on the same day, J.C.'s foster parents filed their own private termination suit. Consequently, because she was now defending a private termination suit, instead of a CPS-prosecuted termination suit, Tracy was forced to proceed pro se in the trial court and likewise proceeds pro se here. Because there is no relief available to Appellant, we will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Upon her birth in Dallas, Texas, J.C. tested positive for phencyclidine. CPS removed J.C. from Tracy at birth and filed a suit in Dallas County to terminate Tracy's parental rights to J.C. While CPS's termination suit was pending, CPS placed J.C. with foster parents, Appellees Mr. and Mrs. Smith who are Tarrant County residents.[1] The Smiths later attempted to intervene in CPS's termination suit, but their petition was stricken by the trial court. Because the statutory deadline for disposition of the termination suit was

---

[1]We refer to Appellees by the fictitious names of Mr. and Mrs. Smith. *See* TEX. FAM. CODE ANN. § 109.002(d) (Vernon 2002).

2

approaching[2] and for other reasons not relevant to this appeal, CPS nonsuited its termination suit.

On the same day that CPS nonsuited its termination suit, Mr. and Mrs. Smith filed in Tarrant County an "Original Petition for Termination of Parental Rights & Request for Temporary Orders & Request for Temporary Restraining Order."  The Smiths sought to be named temporary managing conservators of J.C., to terminate Tracy's and J.C.'s father's parental rights, and to adopt J.C. The trial court entered temporary orders naming the Smiths temporary managing conservators of J.C.

Tracy filed a pro se answer in the Smiths' termination suit.  She also sent a letter to the trial court judge stating, "I am indigent and cannot afford counsel."  She explained, "I am currently attending community college in hopes to be able to provide my daughter with a better future and security. . . ."  She expressed her love for her daughter and her inability to properly represent herself and reiterated her need for an attorney.

---

[2]*See* TEX. FAM. CODE ANN. § 263.401 (Vernon Supp. 2007) (setting forth deadlines for commencing trial on the merits of a termination suit filed by a governmental entity).

3

In due course, the Smiths' termination suit was called for final trial. Tracy appeared pro se. After the trial, the trial court terminated Tracy's parental rights to J.C., finding by clear and convincing evidence that Tracy had

> a. knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endanger the physical or emotional well-being of the child;

> b. failed to support the child in accordance with [her] ability during a period of one year ending within six months of the date of the filing of the petition;

> c. engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangers the physical or emotional well-being of the child; and

> d. been the cause of the child's being born addicted to alcohol or a controlled substance legally obtained by prescription, as defined by section 261.001 of the Texas Family Code.

The trial court also found that termination of Tracy's parental rights was in J.C.'s best interest. J.C.'s father did not appear at trial and is not a party to this appeal.

Tracy subsequently filed a "Mother's Motion for Re-Trial," complaining that, "I was and still remain indigent and can not afford legal counsel, TERMINATION OF PARENTAL RIGHTS, is a matter of dire consequences, and I was not allowed opportunity to Effective legal counsel." Tracy also filed a notarized "Mother's Affidavit of Inability to Pay Costs of Appeal." The Smiths filed a contest to Tracy's pauper's affidavit. After a hearing, the trial court

4

sustained the contest in part to the extent that Tracy was ordered to pay $405 for the reporter's record.[3]  *See* TEX. R. APP. P. 20.1(k) (authorizing order of partial payment of costs).  The trial court denied the balance of the contest and ordered that Tracy be permitted to appeal without the payment of any other costs.

Tracy then filed a request with this court for appointment of counsel on appeal.  We abated the appeal to the trial court for consideration of her request, and the trial court held that no statutory mandate existed requiring the appointment of counsel in a private termination suit.  Tracy did not pay the $405 that she was ordered to pay toward the reporter's record, and no reporter's record has been filed in this appeal.  Tracy has filed a pro se brief raising four issues.

### III.  TRACY'S ISSUES

In her first issue, Tracy attacks the sufficiency of the evidence to support the grounds for termination found by the trial court and to support the trial court's best interest finding.  In her second issue, Tracy complains that the trial court should not have believed the testimony of Kay Riffin.  In her third issue,

---

[3]Tracy has not complained of that order in this court. *Accord M.L.B. v. S.L.J.*, 519 U.S. 102, 128, 117 S. Ct. 555, 570 (1996) (holding that Mississippi had to provide indigent mother in private termination suit with record to afford appellate review of sufficiency of evidence).

5

Tracy complains that the bonding assessor did not obtain her permission to conduct a bonding assessment. In her fourth issue, Tracy complains that the trial court did not appoint her counsel. We cannot review Tracy's first three issues in the absence of a reporter's record. *See, e.g., Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994) (explaining that after a bench trial, a trial court's findings of fact are conclusive unless the appellate court has a complete reporter's record); *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406-07 (Tex.) (explaining that appellate court may not pass upon a witness's credibility or substitute its judgment for that of the fact-finder), *cert. denied*, 525 U.S. 1017 (1998).

Concerning Tracy's fourth issue, no statutory right exists to appointed counsel in a private termination suit. The legislature has mandated the appointment of counsel for indigent parents in a termination suit only "in a suit filed by a governmental entity in which termination of the parent-child relationship is sought." *Compare* TEX. FAM. CODE ANN. §§ 107.001(1), .015(a), (b), .021 (Vernon Supp. 2007) (appearing to permit, in a private termination suit, permissive appointment of an attorney ad litem for a parent and payment of such attorney ad litem "by one or more of the parties") *with* § 107.013(a)(1) (mandating appointment of attorney ad litem for an indigent parent in a termination suit filed by a governmental entity); *see also generally Lassiter v.*

6

*Dept. of Social Servs.*, 452 U.S. 18, 101 S. Ct. 2153 (1981). Here, CPS nonsuited its Dallas County termination suit, and the Smiths concurrently filed a new private termination suit in Tarrant County seeking to terminate Tracy's parental rights to J.C. Because Tracy's parental rights were terminated pursuant to a private termination suit, she possessed no mandatory statutory right to appointed counsel; although we abated this case to the trial court to consider the availability, if any, of discretionary appointment of counsel for Tracy, the trial court declined to appoint counsel. There is no relief that this court may grant to Tracy concerning the appointment of counsel.

Consequently, we overrule all four of Tracy's issues.

### IV. CONCLUSION

Having overruled all of Tracy's issues, we affirm the trial court's judgment terminating Tracy's parental rights to J.C.

SUE WALKER
JUSTICE

PANEL M: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DELIVERED: March 13, 2008

7