**Opinion filed May 9, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00359-CV

_____

## IN THE INTEREST OF B.C.T., A CHILD

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. C42301**

## MEMORANDUM OPINION

This is an appeal from an order terminating the parental rights of B.C.T.'s parents. B.C.T.'s father appeals. We affirm.

### *Issues*

B.C.T.'s father, Appellant, has filed a pro se brief in which he presents three issues for review. In the first issue, Appellant contends that the trial court abused its discretion in failing to appoint an attorney ad litem to represent Appellant, thereby depriving Appellant of his right to a fair trial and of notice that he had a right to a jury trial. In the second issue, Appellant contends that the failure of the

trial court to appoint an attorney for Appellant violated Appellant's constitutional rights to due process and a fair trial. In his final issue, Appellant challenges the legal and factual sufficiency of the evidence to support the termination of his parental rights.

*Appointment of Counsel*

In a termination suit brought against a parent by a governmental entity, a trial court "shall appoint an attorney ad litem to represent the interests" of an indigent parent. TEX. FAM. CODE ANN. § 107.013 (West Supp. 2012). Although a trial court may appoint an attorney ad litem to represent an indigent parent in a termination proceeding that is brought by a party other than a governmental entity, no statutory mandate exists when the suit is brought by a private party rather than a governmental entity. *See id.* § 107.021 (West 2008); *In re J.C.*, 250 S.W.3d 486, 489 (Tex. App.—Fort Worth 2008, pet. denied) (noting permissive appointment of attorney ad litem for parent in private termination suit). In this case, the original suit for protection of B.C.T. was brought by the Department of Family and Protective Services in 2007. However, the Department was no longer involved in this case in 2011 when B.C.T.'s permanent managing conservator, her grandfather, filed a petition to modify the parent-child relationship. In that petition, the grandfather sought termination of the parents' rights. Because the suit was brought by a private party rather than a governmental entity, the trial court was vested with discretion in determining whether to appoint counsel for Appellant.

Even though not mandated by statute, the appointment of counsel may be required by due process. The United States Supreme Court has held that due process does not require the appointment of counsel in every parental termination proceeding and that the decision is best left to the trial court, but is subject to appellate review. *Lassiter v. Dep't of Soc. Servs. of Durham Cnty., N.C.*, 452 U.S. 18, 31–32 (1981); *see* U.S. CONST. amend. XIV. On appeal, we look to the facts

and circumstances of the case to determine whether the trial court's failure to appoint counsel deprived the parent of due process. *Lassiter*, 452 U.S. at 32.

The facts and circumstances of the present case do not indicate that Appellant was denied due process by the failure of the trial court to appoint an attorney to represent his interests. The grandfather sought to terminate Appellant's parental rights for a variety of reasons, including Appellant's conviction of the offense of injury to a child, for which Appellant was sentenced on March 26, 2010, to confinement for twenty years. *See* TEX. PENAL CODE ANN. § 22.04 (West Supp. 2012). The judgment adjudicating Appellant's guilt of injury to a child was admitted into evidence as an exhibit at the termination proceeding. The record shows that Appellant committed the offense in February 2007 against B.A.T., B.C.T.'s half-sister, prior to B.C.T.'s birth. As a result of the offense, B.A.T. suffered from "shaken baby syndrome." B.A.T.'s brain stem subsequently swelled and rendered her quadriplegic.

B.C.T. was removed from her parents in 2007 when she was an infant, and at the time of the termination hearing in November 2012, she had no relationship whatsoever with Appellant. Even though he had been named as a possessory conservator in 2008, Appellant never visited B.C.T., asked to visit B.C.T., sent cards or gifts, paid child support, or called to check on B.C.T. Only three witnesses testified at trial, the grandfather, Appellant, and B.C.T.'s mother. Appellant testified in narrative form and did not dispute any of the relevant allegations made by the grandfather. There were no objections to Appellant's testimony, and no questions were asked on cross-examination.

We cannot hold that the trial court abused its discretion in failing to appoint an attorney ad litem for Appellant or that the trial court's failure to appoint an attorney to represent Appellant violated his constitutional right to due process or to a fair trial. The presence of counsel for Appellant in the present case would not

have made a "determinative difference." *See Lassiter*, 452 U.S. at 33. Furthermore, the petition contained no allegations against Appellant upon which criminal charges could be based; the case presented no troublesome points of law; and no expert witnesses testified. *See id.* at 32. Appellant's first and second issues are overruled.

*Legal and Factual Sufficiency*

In his third issue, Appellant challenges the legal and factual sufficiency of the evidence supporting the termination of his parental rights. The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001 (West Supp. 2012). To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(1)(A)–(T) and that termination is in the best interest of the child. FAM. § 161.001; *see also id.* § 161.004 (West 2008) (termination after denial of prior petition to terminate).

In this case, the trial court found that Appellant had committed five of the acts listed in Section 161.001(1). Appellant challenges all five grounds in his brief. However, only one of those grounds need be supported by the evidence to uphold the termination. The trial court found, pursuant to Section 161.001(1)(L), that Appellant had "been convicted or placed on community supervision (including deferred adjudication community supervision) for being criminally responsible for

4

the death or serious injury of a child under section 22.04 of the Texas Penal Code." At the termination hearing, the grandfather testified about the serious nature of the injuries to B.A.T. that were caused by Appellant's conduct. He also introduced into evidence the judgment showing that Appellant had been convicted of the offense of injury to a child pursuant to Section 22.04(a)(1) of the Penal Code. The trial court's finding under Section 161.001(1)(L) of the Family Code is, thus, supported by clear and convincing evidence.

Because a finding that a parent committed one of the acts listed in Section 161.001(1)(A)–(T) is all that is required under that statute, we need not address Appellant's other contentions regarding the sufficiency of the evidence. *See* TEX. R. APP. P. 47.1. Furthermore, we note that, although Appellant does not challenge the trial court's best interest finding made pursuant to Section 161.001(2), we have reviewed the record and considered the factors relevant to B.C.T.'s best interest. *See Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976); *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). Based on the evidence presented at trial, the trial court could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in the best interest of B.C.T. The evidence is both legally and factually sufficient to support the termination of Appellant's parental rights. Appellant's third issue is overruled.

We affirm the order of the trial court.


                                                    MIKE WILLSON

May 9, 2013                                         JUSTICE

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

5