

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-14-00083-CV

---

IN THE INTEREST OF N.G.J., A CHILD

---

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 80639

---

Before Morriss, C.J., Moseley and Burgess, JJ.

# O R D E R

On September 4, 2014, the trial court entered an order of termination terminating the parent-child relationship between N.G.J. and her father, D.J.J.,[1] in a private termination proceeding. The order was entered after a hearing at which D.J.J. appeared pro se and was permitted to represent himself. D.J.J. was not warned by the trial court of the dangers of self-representation during the termination proceeding, which implicates rights of constitutional dimension. *See In re C.L.S.*, 403 S.W.3d 15, 21 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). The record of the termination proceeding is a mere fifteen pages in length. Immediately following the conclusion of the hearing, the trial court found D.J.J. in contempt of court for disorderly conduct after he slammed the gate to the public seating area in the courtroom. The trial court sentenced D.J.J. to sixty days in the Hunt County Jail as punishment for his contempt.

D.J.J. has filed a pro se notice of appeal, purporting to appeal the trial court's decision to grant sole managing conservatorship to N.G.J.'s mother, S.G, and asking that an order be entered granting joint managing conservatorship. It is apparent from the notice of appeal that D.J.J. does not grasp the gravity of the trial court's order, which goes far beyond a mere conservatorship decision. It is also apparent that it would have been difficult to fully explore issues regarding the best interests of the child in any significant detail given the brevity of the trial court record. Contemporaneously with his pro se notice of appeal, D.J.J. also filed a motion seeking the

---

[1] In keeping with the spirit of Section 109.002(d) of the Texas Family Code and Rule 9.8 of the Texas Rules of Appellate Procedure and in an effort to protect the identity of the minor child who is the subject of this appeal, we will refer to the parties by their initials. *See* TEX. R. APP. P. 9.8; TEX. FAM. CODE ANN. § 109.002(d) (West 2014).

appointment of appellate counsel, claiming that he lacked the financial means to retain counsel on his own. Section 107.021 of the Texas Family Code permits the discretionary appointment of counsel "[i]n a suit in which the best interests of a child are at issue, other than a suit filed by a governmental entity requesting termination of the parent-child relationship or appointment of the entity as conservator of the child." TEX. FAM. CODE ANN. § 107.021(a) (West 2014); *see In re J.C.*, 250 S.W.3d 486 (Tex. App.—Fort Worth 2008, pet. denied) (appeal of private termination order abated to trial court to consider discretionary appointment of counsel).

In light of the significant constitutional rights at issue in this appeal, we abate this matter to the trial court to conduct a hearing to determine whether D.J.J. is indigent and, if so, whether counsel should be appointed to represent D.J.J. on appeal. The trial court should enter any orders necessary to effectuate these purposes.

The hearing should be conducted by the trial court within fifteen days of the date of this order. Appropriate orders and findings should be sent to this Court in the form of a supplemental clerk's record within fifteen days of the date of the hearing. Likewise, the court reporter's transcription of the hearing should be filed with this Court in the form of a supplemental reporter's record within fifteen days of the date of the hearing.

Because this case involves an appeal from the termination of D.J.J.'s parental rights, this matter should be expedited at all levels, and if counsel is appointed, he or she should be prepared to pursue the appeal without further delay.

All appellate timetables are stayed and will resume on our receipt of both the supplemental clerk's and reporter's records.

3

IT IS SO ORDERED.

BY THE COURT

Date:   January 9, 2015