

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00201-CV

### IN THE INTEREST OF A.G.D., A CHILD

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. 2014-509,879, Honorable Ruben Gonzales Reyes, Presiding

June 16, 2015

## ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before the court is A.M.'s motion to appoint counsel. He is currently imprisoned, and his parental rights to his child were terminated on May 7, 2015. An appeal was perfected from that order. The petition to terminate his parental rights was filed by the mother of the child and not by a governmental entity. Therefore, appointment of counsel is not mandatory. See TEX. FAMILY CODE ANN. § 107.013 (West 2014). However, authority has interpreted § 107.021 of the Texas Family Code as granting trial courts the discretion to appoint counsel in termination proceedings wherein the State of Texas is not a party. Id. at § 107.021; see In re. J.C., 250 S.W.3d 486, 489 (Tex. App.—Fort Worth 2008, pet. denied).

Accordingly, we abate this appeal and remand the cause to the 72nd Judicial District Court for Lubbock County, Texas (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal;

2. whether appellant is indigent; and, if so,

3. whether appellant should be appointed counsel due to his indigency and other circumstances particular to him and the nature of the proceeding involved.

The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk's record containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be developed a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing, if any. If it is determined that appellant is indigent and is entitled to appointed counsel, the trial court may appoint him counsel; the name, address, and phone number of any new counsel appointed shall be included in the aforementioned findings. Additionally, the district court shall then file the supplemental records and reporter's records transcribing the hearing with the clerk of this court on or before June 26, 2015. Should further time be needed by the trial court to perform these tasks, then same must be requested before June 26, 2015.

It is so ordered.

Per Curiam

2