

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00096-CV

_____

IN THE INTEREST OF T.J.T. AND T.R.T., CHILDREN

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. FA-13-41279

Before Morriss, C.J., Moseley and Burgess, JJ.

O R D E R

On October 23, 2015, the trial court entered an order of termination, terminating the parent-child relationship between a father, T.T.,[1] and his two children, T.J.T. and T.R.T., in a private termination proceeding. The order was entered after a hearing at which T.T. did not appear, and, as recited in the Order, T.T. "wholly made default." The citation on file in the clerk's record indicates that it was not executed.[2]

T.T. filed a pro se notice of appeal on November 13, 2015, complaining of the trial court's order and requesting the appointment of counsel on appeal. The clerk's record reflects that the trial court held a "status hearing" on November 19, 2015, purportedly for the purpose of hearing T.T.'s request for counsel. Nothing in the record indicates that T.T. was provided any notice of this hearing. Counsel for the petitioners filed a response to the request for counsel (although it does not contain a certificate of service) suggesting that T.T. was not entitled to the appointment of counsel in a private termination suit. The trial court summarily disposed of T.T.'s request for counsel on November 19, 2015.

While it is apparent that the trial court considered T.T.'s request for counsel, it is likewise apparent that the resolution of this request was based solely on Section 107.013 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 107.013 (West Supp. 2015) (mandatory appointment of attorney ad litem for indigent parent in suit filed by governmental entity seeking termination of

---

[1]In keeping with the spirit of Section 109.002(d) and Rule 9.8 of the Texas Rules of Appellate Procedure and in an effort to protect the identity of the minor children who are the subject of this appeal, we will refer to the parties by their initials. *See* TEX. R. APP. P. 8; TEX. FAM. CODE ANN. § 109.002(d) (West 2014).

[2]When a party is not served with process, the trial court acquires no personal jurisdiction over that party, and a default judgment is void.

2

parent-child relationship). There is no indication, however, that the trial court considered the appointment of counsel pursuant to Section 107.021 of the Family Code. *See* TEX. FAM. CODE ANN. § 107.021 (West 2014). Section 107.021 of the Family Code permits the discretionary appointment of counsel "[i]n a suit in which the best interests of a child are at issue, other than a suit filed by a governmental entity requesting termination of the parent-child relationship or appointment of the entity as conservator of the child." TEX. FAM. CODE ANN. § 107.021(a); *see In re J.C.*, 250 S.W.3d 486 (Tex. App.—Fort Worth 2008, pet. denied) (appeal of private termination order abated to trial court to consider discretionary appointment of counsel).

In light of the constitutional rights at issue in this appeal, we abate the case to the trial court to hold a hearing, with notice to T.T., to determine whether T.T. is indigent[3] and, if so, whether counsel should be appointed to represent T.T in this appeal pursuant to Section 107.021(a) of the Family Code. *See* TEX. FAM. CODE ANN. § 107.021(a). Further, in the circumstance T.T. files an affidavit of indigency, the trial court shall also consider whether counsel should be appointed to represent T.T. in this appeal in accordance with Section 24.016 of the Government Code. *See* TEX. GOV'T CODE ANN. § 24.016 (West 2004) ("district judge may appoint counsel to attend to the cause of a party who makes an affidavit that he is too poor to employ counsel to attend to cause"). The trial court should enter any orders necessary to effectuate these purposes.

The hearing should be conducted by the trial court within fifteen days of the date of this Order. Appropriate orders and findings should be sent to this Court in the form of a supplemental

---

[3]The clerk's record indicates that T.T. was found to be indigent in 2013 in a proceeding brought by the Department of Family and Protective Services to modify the parent-child relationship.

3

clerk's record within fifteen days of the date of the hearing.  Likewise, the reporter's record of the trial court's proceedings should be filed with this Court within fifteen days of the date of the hearing.

Because this case involves an appeal from the termination of T.T.'s parental rights, this matter should be expedited at all levels, and if counsel is appointed, he or she should be prepared to pursue the appeal without further delay.

All appellate timetables are stayed and will resume on our receipt of the supplemental clerk's and reporter's records.

IT IS SO ORDERED.


BY THE COURT

Date:  December 9, 2015