**Opinion filed October 24, 2019**



# In The

# Eleventh Court of Appeals

_____

## No. 11-19-00166-CV

_____

## IN THE INTEREST OF J.E.D., A CHILD

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. C48299**

## MEMORANDUM OPINION

Based upon a petition filed by the mother of J.E.D., the trial court terminated the parental rights of J.E.D.'s father and granted the mother's request to change the child's name. The father filed a pro se notice of appeal. We affirm.

At the outset, we note that Appellant failed to adhere to the briefing standards required by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. Although Appellant's brief does not meet all of the requirements of Rule 38.1, we will construe the briefing rules liberally and attempt to address the issues raised in Appellant's brief. *See* TEX. R. APP. P. 38.9. Based upon our review of Appellant's brief and his supplemental filings, we believe that Appellant has asserted the following issues: (1) a challenge to the sufficiency of the evidence, (2) a complaint

that his rights were violated by the failure of the trial court to appoint an attorney to represent Appellant, (3) a complaint that the trial judge should not have presided over this civil matter, and (4) a request for this case to remain open for five years.

*Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2018). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.*

In this case, the trial court found that Appellant had committed three of the acts listed in Section 161.001(b)(1)—those found in subsections (E), (L), and (Q). Specifically, the trial court found that Appellant had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being, that Appellant had been convicted or placed on community supervision for being criminally responsible for the death or serious injury of a child, and that Appellant had knowingly engaged in criminal conduct that resulted in his conviction and confinement and inability to care for the child for not less than two years from the date that the petition was filed. *See id.* § 161.001(b)(1)(E), (L), (Q). The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the child. *See id.* § 161.001(b)(2).

To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient in a parental termination case, we give due deference to the finding and determine whether, on the entire record, a

factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). We note that the trier of fact is the sole judge of the credibility of the witnesses at trial and that we are not at liberty to disturb the determinations of the trier of fact as long as those determinations are not unreasonable. *J.P.B.*, 180 S.W.3d at 573.

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

*Evidence and Analysis*

With respect to Appellant's contention that there is no evidence to support the trial court's findings, we begin with evidence related to Appellant's conviction for injury to a child. To support a finding under subsection (Q), the record must show that the parent will be incarcerated or confined and unable to care for the child for at least two years from the date the petition for termination was filed. *Id.* § 161.001(b)(1)(Q); *In re H.R.M.*, 209 S.W.3d 105, 110 (Tex. 2006). The petition

to terminate Appellant's parental rights was filed on May 14, 2018. Thus, the two-year period required by subsection (Q) would end in May 2020. At the final hearing on termination, the trial court admitted into evidence, as Exhibit No. 1, a certified copy of a judgment of conviction. The exhibit reflects that Appellant entered an open plea and was convicted of the offense of "INJURY CHILD/ ELDERLY/DISABLE W/INT BODILY INJ." The judgment also indicates that Appellant was sentenced on April 16, 2014, to a term of confinement for eight years. Appellant's projected release date is September 23, 2021, a date that is well after the two-year period required by subsection (Q).

Furthermore, the testimony from the final hearing in this cause reflects that the above judgment of conviction stemmed from charges in which Appellant injured J.E.D. J.E.D.'s mother testified that Appellant hurt J.E.D. when J.E.D. was almost four years old. According to the mother, Appellant "picked [J.E.D.] up by his penis," which resulted in a "cut" at the top part of J.E.D.'s penis from Appellant's thumbnail and a "very bad cut on . . . the base of the penis." After Head Start contacted CPS, law enforcement investigated and charged Appellant with injury to a child. Appellant admitted that he had hurt J.E.D. and pleaded guilty to the charge. Appellant remained incarcerated for that offense and appeared via telephone at the final hearing on termination.

The record also reflects that Appellant's actions caused emotional trauma to J.E.D., that J.E.D. still has nightmares and depression, that J.E.D. is scared of Appellant, and that J.E.D. says he "hates" Appellant and does not want Appellant to come home.

We hold that the trial court could reasonably have formed a firm belief or conviction, based on the clear and convincing evidence presented at trial, as to the truth of the findings made by the trial court pursuant to subsection (E)—that Appellant had engaged in conduct that endangered the child's physical or emotional

4

well-being; subsection (L)—that Appellant had been convicted or placed on community supervision for being criminally responsible for the serious injury of a child; and subsection (Q)—as explained above. We also hold that the trial court could reasonably have formed a firm belief or conviction, based on the clear and convincing evidence presented at trial and the *Holley* factors, that termination of Appellant's parental rights was in the child's best interest. *See Holley*, 544 S.W.2d at 371–72. The evidence is legally and factually sufficient to support the trial court's findings.

Next, Appellant contends that his rights were violated by the failure of the trial court to appoint an attorney to represent Appellant in the parental termination proceeding. The record reflects that, after he was served with the citation in this cause, Appellant requested that the trial court appoint legal counsel to represent Appellant in this matter. The trial court denied Appellant's request, noting that Appellant had no absolute right to court-appointed counsel because this was a private suit that did not involve "the Department or CPS."

In a termination suit brought against a parent "by a governmental entity," a trial court "shall appoint an attorney ad litem to represent the interests" of an indigent parent. FAM. § 107.013(a)(1) (West 2019). Although a trial court may appoint an attorney ad litem to represent an indigent parent in a termination proceeding that is brought by a party other than a governmental entity, no statutory mandate exists when the suit is brought by a private party rather than a governmental entity. *See id.* § 107.021; *In re J.C.*, 250 S.W.3d 486, 489 (Tex. App.—Fort Worth 2008, pet. denied) (noting permissive appointment of attorney ad litem for parent in private termination suit). Because this suit was brought by a private party rather than a governmental entity, the trial court was vested with discretion in determining whether to appoint counsel for Appellant.

Even though not mandated by statute, the appointment of counsel may be required by due process. The United States Supreme Court has held that due process does not require the appointment of counsel in every parental termination proceeding and that the decision is best left to the trial court but that the trial court's decision is subject to appellate review. *Lassiter v. Dep't of Soc. Servs. of Durham Cty., N.C.*, 452 U.S. 18, 31–32 (1981); *see* U.S. CONST. amend. XIV. On appeal, we look to the facts and circumstances of the case to determine whether the trial court's failure to appoint counsel deprived the parent of due process. *Lassiter*, 452 U.S. at 32. The facts and circumstances of the present case do not indicate that Appellant was denied due process by the failure of the trial court to appoint an attorney to represent his interests.

We cannot hold that the trial court abused its discretion in failing to appoint an attorney ad litem for Appellant or that the trial court's failure to appoint an attorney to represent Appellant violated his constitutional rights. The presence of counsel for Appellant in the present case would not have made a "determinative difference." *See id.* at 33. Furthermore, the petition contained no allegations against Appellant upon which criminal charges could be based; the case presented no troublesome points of law; and no expert witnesses testified. *See id.* at 32.

Next, we address Appellant's assertion that the trial judge should not have presided over the parental termination proceeding because that judge had also presided over the criminal proceeding in which Appellant pleaded guilty and was convicted of injuring J.E.D. We disagree.

Appellant does not allege that the judge was constitutionally disqualified to serve but, rather, that he was "biased." Our review of the record indicates no suggestion of improper action by the trial court. If Appellant had been concerned about the judge's ability to fairly and impartially consider his case, Appellant had the opportunity to file a motion for recusal pursuant to Rules 18a and 18b(b) of the

6

Texas Rules of Civil Procedure. Appellant did not do so, nor did he object to the judge's presence or request a jury trial. Consequently, Appellant did not preserve his complaint for appellate review. *See* TEX. R. CIV. P. 18a(b)(1); TEX. R. APP. P. 33.1.

Finally, Appellant requests that this court keep this case open for five years. We decline Appellant's request. We note that, in an appeal from an order in which a parent's parental rights are terminated, "appellate courts should, so far as reasonably possible, ensure that the appeal is brought to final disposition" within 180 days of the date that the notice of appeal was filed. TEX. R. JUD. ADMIN. 6.2(a), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F app. (West 2013 & Supp. 2018).

We have considered each of the contentions made by Appellant in this appeal, and we overrule all of those contentions.

*This Court's Ruling*

We affirm the order of the trial court.

JOHN M. BAILEY
CHIEF JUSTICE

October 24, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1] Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.