**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



### THIRD ORDER OF ABATEMENT

Appellate case name:    In the Interest of H.A., a Child

Appellate case numbers:  01-22-00106-CV

Trial court case number:  2020-05703

Trial court:          313th District Court of Harris County, Texas

This appeal involves the termination of the parent-child relationship. Appellant, father, has filed a pro se notice of appeal from the trial court's January 21, 2022 order terminating his parental rights to his minor child, H.A., and granting adoption. Because this is a termination case, the Court is required to bring this appeal to final disposition within 180 days of the date the notice of appeal was filed so far as reasonably possible. *See* TEX. R. JUD. ADMIN. 6.2, reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. F app.

The appellate record was due in this case on February 18, 2022. *See* TEX. R. APP. P. 35.1(b). The reporter's record was filed on February 24, 2022, at no expense to appellant. The court reporter's information sheet filed in this Court states that "appellant is appealing as indigent." A clerk's record has not yet been filed.

Appellant is currently incarcerated. Because the petition to terminate the parent-child relationship was not filed by a governmental entity in this case, the appointment of counsel for appellant is not mandatory. *See* TEX. FAM. CODE ANN. § 107.021; *see also In re A.G.D.*, No. 07-15-00201-CV, 2015 WL 3764918, at *1 (Tex. App.—Amarillo June 16, 2015, order). However, Texas Family Code section 107.021 grants the trial court the discretion to appoint counsel in a termination proceeding wherein the State of Texas is not a party. *See* TEX. FAM. CODE. ANN. § 107.021; *see also In re A.G.D.*, 2015 WL 3764918, at *1; *In re C.L.S.*, 403 S.W.3d 15, 25 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (Texas Legislature has granted trial courts discretion to appoint counsel for parents in "private parental-rights disputes"); *In re J.C.*, 250 S.W.3d 486, 489 (Tex. App.—Fort Worth 2008, pet. denied).

On April 5, 2022, we abated this appeal and remanded the case to the trial court for the trial court to immediately conduct a hearing at which appellant was to be present. The trial court was directed to determine the following:

1. Whether appellant desires to prosecute the appeal;

2. Whether appellant is indigent; and

3. Whether appellant should be appointed counsel due to his indigency or other circumstances particular to him and the nature of the proceeding involved.

We directed the trial court, if appellant is indigent, to order the trial court clerk to immediately file the clerk's record with this Court at no cost to appellant. Further, if the trial court determined that appellant is entitled to appointed counsel, we directed the trial court to appoint appellant counsel to represent appellant on appeal. The trial court was to enter written findings of fact, conclusions of law, and recommendations as to the above-described issues, separate and apart from any docket sheet notations.

We also directed the trial court to have a court reporter record the hearing and file a reporter's record with this Court within 14 days of the date of our April 5, 2022 abatement order. The trial court clerk was directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court within 14 days of the date of our April 5, 2022 abatement order. If the trial court's hearing was conducted by video teleconference, a certified video recording of the hearing was to be filed in this Court within 14 days of the date of our April 5, 2022 abatement order.

We did not receive a reporter's record, a supplemental clerk's record, or a certified video recording related to the above-described hearing. Thus, on April 26, 2022, we issued a second abatement order.

On May 11, 2022, we received a reporter's record showing that on May 9, 2022, the trial court attempted to hold a hearing and comply with our previous abatement orders. But "the Warden or the prison [where appellant is incarcerated] failed to make [appellant] available to appear" for the trial court's hearing. Thus, the trial court stated that it did "not have the ability to provide [this Court] with an answer to the three questions the [t]rial [c]ourt was ordered to discuss or find out about."

We note the trial court's effort to comply with this Court's April 5, 2022 abatement order and April 26, 2022 second abatement order. But because the trial court has been unable to hold the requested hearing and take the requested actions, we again order the trial court to immediately conduct a hearing at which appellant shall be present. At the trial court's discretion, appellant may be present for the hearing in person or, because appellant is incarcerated, appellant may participate in the hearing by closed-circuit video teleconferencing.[1] The trial court is directed to determine the following:

1. Whether appellant desires to prosecute the appeal;

2. Whether appellant is indigent; and

3. Whether appellant should be appointed counsel due to his indigency or other circumstances particular to him and the nature of the proceeding involved.

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys.

2

If appellant is indigent, the trial court shall order the trial court clerk to immediately file the clerk's record with this Court at no cost to appellant. Further, if it is determined that appellant is entitled to appointed counsel, the trial court shall appoint appellant counsel to represent appellant on appeal. The trial court shall enter written findings of fact, conclusions of law, and recommendations as to the above-described issues, separate and apart from any docket sheet notations.

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court **within 14 days of the date of this third order of abatement**. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court **within 14 days of the date of this third order of abatement**. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall be filed in this Court **within 14 days of the date of this third order of abatement**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing is filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature: _____/s/ Julie Countiss_____
                              Acting individually

Date: May 17, 2022

3