**Order entered November 18, 2022**



**In The**
### Court of Appeals
### Fifth District of Texas at Dallas

**No. 05-22-01036-CV**

**IN THE INTEREST OF L.L.V., A CHILD**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-56612-2021**

### ORDER

This accelerated appeal from the trial court's order of termination was filed by Father, an indigent inmate appearing pro se. The termination suit was brought by Mother and her husband, who sought to adopt L.L.V. The appellate record has been filed, partially under seal, and Father's brief is currently due.

By motion filed November 16, 2022, Father asks the appeal be stayed. He notes that he received a paper copy of the reporter's record, which was not filed under seal, from the court reporter, but he has not received a copy of the sealed clerk's record, even though he requested a copy from the trial court clerk. He also notes that paper and typewriter ribbon is limited within the state prison system and

expresses concern that the lack of supplies may affect his ability to file his brief. Finally, he notes that he did not receive the form copy of the docketing statement required by Texas Rule of Appellate Procedure 32.1, despite our October 28, 2022 order stating that a copy was enclosed.

The termination of parental rights implicates fundamental interests. *See In re G.M.*, 596 S.W.2d 846, 846 (Tex. 1980). Although the appointment of counsel in private termination cases is discretionary, *see* TEX. FAM. CODE ANN. § 107.021, the circumstances presented here justify considering whether appellate counsel should be appointed for Father. *See In re KRH-B*, 645 S.W.3d 892, 894 (Tex. App.—Waco 2022, no pet.) (noting Court sought appointment of counsel to aid appellant in prosecuting appeal); *In re J.C.*, 250 S.W.3d 486, 489 (Tex. App.—Fort Worth 2008, pet. denied) (noting appeal was abated for trial court to consider discretionary appointment of counsel for appellant). Accordingly, we **ORDER** the trial court to conduct a hearing, **no later than November 30, 2022**, to determine whether Father should have counsel appointed for him. Should the trial court decline to appoint counsel, the trial court shall determine whether any portion of the sealed clerk's record should be redacted prior to appellant receiving a copy. Should the court determine that portions of the clerk's record should be redacted, the trial court shall specify which portion. The trial court shall make written findings, and the findings shall be filed in a supplemental clerk's record **no later**

**than December 5, 2022.** Any redacted clerk's record, along with a reporter's record of the hearing, shall also be filed **no later than December 5, 2022.**

We note that the trial court ordered sealed "[a]ll papers and records in this case." Accordingly, we **STRIKE** the reporter's record filed October 28, 2022 and **ORDER** Destiny Moses, Official Court Reporter for the 416th Judicial District Court, to file the record under seal with a copy of the sealing order no later than November 23, 2022.

We **DIRECT** the Clerk of the Court to send a copy of this order to the Honorable Andrea Thompson, Presiding Judge of the 416th Judicial District Court; Collin County District Clerk Lynne Finely; Ms. Moses; and, the parties.

We **ABATE** the appeal to allow the trial court an opportunity to comply with this order. It shall be reinstated no later than December 9, 2022.

/s/    ROBERT D. BURNS, III
CHIEF JUSTICE